UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SHELDON McGEE JR., | No. 2:18-cv-01680 WBS GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DANIEL PARAMO, | |
| Respondent. | |

*Introduction*

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the court, is respondent's amended motion to dismiss. ECF No. 16. Petitioner has filed an opposition, and respondent a reply. ECF Nos. 19, 20.

*Procedural Background*

Petitioner was convicted in Yolo County Superior Court by jury trial on April 25, 2003 for second-degree robbery, assault with a deadly weapon (knife), and failure to register as a sex

////

////

1

offender. ECF No. 18-1.[1]  Several sentencing enhancements were found to be true. Id.  On August 4, 2003, petitioner was sentenced to state prison for thirty years to life, with possibility of parole. Id.

Subsequently, petitioner appealed to the California Court of Appeal, Third Appellate District ("California Court of Appeal").  On April 15, 2005, the California Court of Appeal reversed petitioner's judgment of conviction on count 4, which charged petitioner with willful failure to register as a sex offender, and struck related prison term enhancements that had been imposed or stayed.  ECF No. 18-2.  The judgment was affirmed in all other respects. Id.

On June 24, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, and was denied as moot on July 11, 2007.  ECF Nos. 18-3; 18-4.  On January 7, 2009, petitioner filed a habeas petition in the California Supreme Court, and was denied June 24, 2009, with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998).  ECF Nos. 18-5; 18-6.

On August 3, 2009, petitioner filed a federal habeas petition in the United States District Court, Eastern District of California.  See Dkt. in Case No. 2:09-cv-02127-MCE-DAD (E.D. Cal.).  On May 26, 2010, the Magistrate Judge issued an Order and Findings and Recommendations, in relevant part, recommending dismissal of the federal petition as untimely because it was filed beyond the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See Dkt. No. 17 in Case No. 2:09-cv-02127-MCE-DAD (E.D. Cal.).  On July 8, 2010, the District Judge adopted the Magistrate Judge's Findings and Recommendations in full.  See Dkt. No. 18 in Case No. 2:09-cv-02127-MCE-DAD (E.D. Cal.).

On November 16, 2011, petitioner filed a second habeas petition in Yolo County Superior Court, and was denied on January 25, 2012 for failure to make a prima facie showing that he was entitled to relief and for a failure to justify his delay in presenting his claims.  ECF Nos. 18-7; 18-8.  On August 2, 2012, petitioner filed a habeas petition in the California Court of Appeal, and was denied on August 9, 2012.  ECF Nos. 18-9, 18-10.  On September 4, 2012, petitioner filed a
////

---

[1] Respondent's Electronic Lodging of Documents can be found at ECF Nos. 18-1 through 18-31.

| | |
|---|---|
| 1 | petition in the California Supreme Court, and was denied on November 14, 2012. ECF Nos. 18- |
| 2 | 11, 18-12. |
| 3 | On February 20, 2014, petitioner filed a third habeas petition in the California Supreme |
| 4 | Court, and was denied on May 14, 2014 with case citations to In re Robbins, supra, 18 Cal.4th at |
| 5 | 780 and In re Clark, 5 Cal.4th 750, 767-769 (1993). ECF Nos. 18-13; 18-14. |

On February 20, 2014, petitioner filed a third habeas petition in the California Supreme Court, and was denied on May 14, 2014 with case citations to In re Robbins, supra, 18 Cal.4th at 780 and In re Clark, 5 Cal.4th 750, 767-769 (1993). ECF Nos. 18-13; 18-14.

On April 20, 2015, petitioner filed a petition for resentencing or reduction to misdemeanor under Penal Code § 1170.18(f) in Yolo County Superior Court, and was denied on May 27, 2015 because petitioner did not have "an eligible offense." ECF Nos. 18-15; 18-16.

On October 6, 2015, petitioner filed a fourth habeas petition in the Yolo County Superior Court, and was denied on December 9, 2015 for failure to make a prima facie showing that he was entitled to relief and for a failure to justify his delay in presenting his claims. ECF Nos. 18-17; 18-18.

On October 30, 2016, petitioner filed a fifth habeas petition in the Yolo County Superior Court, and was denied January 18, 2017 for the same reasons as his December 9, 2015 denial in the Yolo Superior County Court. ECF Nos. 18-19, 18-20.

On August 23, 2017, petitioner filed a sixth habeas petition in the Yolo County Superior Court, and was denied.[2] ECF Nos. 18-21; 18-22. On December 18, 2017, petitioner filed a habeas petition in the California Court of Appeal, and was denied on January 4, 2018. ECF Nos. 18-23; 18-24. On January 22, 2018, petitioner filed a habeas petition with the California Supreme Court, and was denied on April 25, 2018. ECF Nos. 18-25; 18-26. On June 5, 2018, petitioner filed the instant federal petition. ECF No. 1.[3] On August 14, 2018, respondent moved to dismiss

////

////

---

[2] Yolo County Superior Court further explained in its order that petitioner had failed to complete the entirety of the MC-275 form (habeas petition). See ECF No. 18-22.

[3] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275–76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir.2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

3

the petition as second or successive.[4] ECF No. 16.[5] Petitioner filed an opposition, ECF No. 19, and respondent a reply, ECF No. 20.

*Legal Standards*

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed…." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A petition is not considered "second or successive" where the petition was not "adjudicated on the merits." Green v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473, 485-486 (2000). A petition that was previously dismissed for "failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. §2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

////

////

---

[4] Respondent also proffers an alternative theory for dismissal based on untimeliness. See ECF No. 16. However, since the second or successive issue is sufficient to support dismissal, the court will not reach respondent's alternative theory of dismissal.

[5] Respondent acknowledges that the original motion to dismiss, ECF No. 15, was amended, ECF No. 16, to reflect the correct lodged document numbers. ECF No. 16 at 1 fn.1 (Respondent states "[t]his amendment does not change the substantive argument.")

4

*Discussion*

In his opposition, petitioner argues that the previously filed federal habeas petition in Case No. 2:09-cv-02127-MCE-DAD (E.D. Cal.) should not be deemed second or successive because the petition was filed by "someone else" and it was not adjudicated on the merits. ECF No. 19 at 1, 4. Specifically, petitioner argues that his 2009 federal habeas petition "can not count as the first petition, because #1, petitioner (himself) did not file it, due to his mental impairment and disabilities Mr. McGee had someone else file that petition, while he did sign it, but did not know the legal implications of the petition and [secondly,] the court did not reach the merits. Summarily denials do not count as having had "one bite at the apple." Id. at 4.

First, petitioner's attempt to discredit his federal habeas petition filed in 2009 based on not composing the petition himself, but only signing it, is meritless. In filing his 2009 habeas petition, petitioner signed under penalty of perjury that the petition was true and correct. See ECF No. 18-27. It is clear from the record that petitioner authorized his first habeas petition in the same fashion as he did in the instant petition. Petitioner's current petition is composed with the assistance of other inmates, and with petitioner signing the petition under penalty of perjury. See ECF No. 1. Petitioner cannot avail himself to this argument only when it is convenient.

Second, petitioner's 2009 habeas petition was adjudicated on the merits. The previous petition was dismissed as time barred which is a decision on the merits. See McNabb, 576 F.3d at 1029-30.

The instant petition challenges petitioner's 2003 conviction and sentence previously challenged in this federal district court under 28 U.S.C. § 2254 and is therefore a successive petition.[6] Petitioner must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore,

////

---

[6] The court has also considered petitioner's Proposition 57 claim and applicability under § 2244 (b)(2)(A). However, the crux of petitioner's argument is that he is eligible for resentencing under Proposition 57 because he received two strikes in his 2003 sentence, when he should have received one. However, because petitioner's claim still arises from his original sentence and conviction and the strikes he received, it does not fall into one of the exceptions pursuant to § 2244(b)(2).

petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

*Conclusion*

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE